```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

------------------------------x
                              :
CEDRIC S. NEWMAN, III         :   Civ. No. 3:19CV00197(SALM)
                              :
v.                            :
                              :
COMMISSIONER OF SOCIAL        :
SECURITY                      :   October 9, 2019
                              :
------------------------------x
```

## ORDER OF DISMISSAL

On February 8, 2019, the self-represented plaintiff Cedric S. Newman, III ("plaintiff") filed a Complaint for Review of Social Security Administration Decision. [Doc. #1]. For the reasons that follow, the Court **DISMISSES, without prejudice,** plaintiff's Complaint [**Doc. #1**] for failure to prosecute and failure to comply with the Court's orders.

## BACKGROUND

Plaintiff filed the Complaint in this matter on February 8, 2019, using a form complaint for Review of a Social Security Administration Decision. See Doc. #1, Complaint. Simultaneously therewith, plaintiff also filed a motion seeking leave to proceed in forma pauperis [Doc. #2], which the Court granted on February 11, 2019 [Doc. #7].

On March 21, 2019, the parties filed a Consent to Jurisdiction by a United States Magistrate Judge. [Doc. #11]. On April 9, 2019, defendant Commissioner of Social Security

1

("defendant") filed the Social Security Transcripts. [Doc. #12]. On that same date, the Court entered its Supplemental Scheduling Order, requiring plaintiff to file his motion to reverse and/or remand by June 8, 2019. See Doc. #13 at 1. A copy of the Court's Supplemental Scheduling Order was sent to plaintiff by United States Mail on that same date.

Because June 8, 2019, fell on a Saturday, plaintiff's motion to reverse and/or remand was due by Monday, June 10, 2019. Plaintiff failed to file his motion to reverse and/or remand by that date. As a result, on June 14, 2019, the Court issued an Order to Show Cause why this matter should not be dismissed for plaintiff's failure to prosecute. [Doc. #14]. The Court ordered that plaintiff file a response to the Court's Order to Show Cause on or before the close of business on June 28, 2019. See id. A copy of the Court's Order to Show Cause was sent to plaintiff by United States Mail on June 14, 2019.

On June 26, 2019, presumably in response to the Court's Order to Show Cause, plaintiff filed a motion seeking an additional 60 days to file his motion to reverse and/or remand and statement of material facts. See Doc. #15. On June 27, 2019, the Court granted plaintiff's motion, and afforded him an additional 30 days beyond what he had requested in his motion. See Doc. #16. The Court ordered plaintiff to file his motion on or before September 27, 2019. See id. Because plaintiff

represented that he was trying to secure counsel, see Doc. #15 at 1, the Court noted: "In the event that plaintiff is unable to secure counsel, then plaintiff will be responsible for preparing and submitting his motion to reverse and/or remand by September 27, 2019. Should plaintiff fail to file his motion to reverse and/or remand by September 27, 2019, this case may be dismissed." Doc. #16. A copy of the Court's June 27, 2019, Order was sent to plaintiff by United States Mail on June 28, 2019.

On July 1, 2019, plaintiff filed a motion for appointment of counsel [Doc. #17], which the Court denied on July 2, 2019, [Doc. #18]. A copy of the Court's July 2, 2019, Order was sent to plaintiff by United States Mail on that same date.

To date, plaintiff has failed to file any motion to reverse and/or remand. Since July 1, 2019, plaintiff has not filed any documents with the Court.

## DISCUSSION

"A district court has the inherent power to dismiss a case ... for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Supreme Court explained that such authority is governed by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Reynel v. Barnhart, No. 01CV6482(RLE), 2002 WL 2022429, at *1 (S.D.N.Y. Sept. 3, 2002) (citation and quotation marks omitted). "Although

not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute sua sponte." Zappin v. Doyle, 756 F. App'x 110, 111-12 (2d Cir. 2019).

"Rule 41(b) recognizes the district courts' power to dismiss a complaint for failure of the plaintiff to comply with a court order, treating noncompliance as a failure to prosecute. Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives." Bonnette v. Comm'r of Soc. Sec., No. 16CV6398(ENV), 2018 WL 6173434, at *2 (E.D.N.Y. Nov. 26, 2018). When considering whether to dismiss an action for failure to prosecute, courts generally consider the following five factors:

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). No single factor is generally dispositive. Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994).

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); accord Rozell v. Berryhill, No. 18CV969(AJN)(JLC), 2019 WL 1320514, at *1-2 (S.D.N.Y. Mar. 25, 2019).

4

A consideration of the foregoing factors weighs in favor of dismissal. First, plaintiff's non-compliance with the Court's orders continues. Although the length of plaintiff's non-compliance is not the most egregious that this Court has encountered, it is nevertheless significant as it has entirely stalled this case from proceeding. Plaintiff's motion to reverse and/or remand was originally due nearly four months ago on June 10, 2019. See Doc. #13. Although the Court granted plaintiff's request for an extension of that filing deadline, plaintiff has failed to comply with that extended deadline.

Next, the Court considers whether plaintiff had been adequately warned that dismissal of this action was a possibility given his failure to prosecute and general non-compliance with Court orders. Plaintiff was warned of the possibility of dismissal in the Court's June 14, 2019, Order to Show Cause. See Doc. #14. Plaintiff was also explicitly warned in the Court's Order granting his motion for extension of time that if he failed to file his motion to reverse and/or remand by September 27, 2019, that his case could be dismissed. See Doc. #16. Thus, plaintiff was placed on notice that his case was at risk of dismissal on two occasions.

Third, the Court considers whether a further delay in these proceedings would result in prejudice to defendant. The delay thus far has prejudiced both the Court and defendant. A further

delay would "merely leave a stagnant case on the docket, without providing relief to [plaintiff] or repose to the Commissioner." Bonnette, 2018 WL 6173434, at *2; see also Lomack v. Comm'r of Soc. Sec., No. 18CV6083(FPG), 2019 WL 132741, at *2 (W.D.N.Y. Jan. 8, 2019) ("The Court also finds Plaintiff's inaction prejudicial to the Commissioner. The Commissioner has an interest in the timely resolution of this case, as the Social Security Administration is significantly overburdened with applications and appeals.").

Fourth, "although the Court recognizes Plaintiff's interest in receiving a fair chance to be heard, it must also consider the heavy demands of its docket, especially in the Social Security context[.]" Lomack, 2019 WL 132741, at *2. This case is eight months old, "yet it is not fully briefed or ready for the Court to rule on its merits." Id. The Court has afforded plaintiff several opportunities to be heard, but thus far, plaintiff has declined to prosecute this action or to otherwise comply with the Court's orders.

Finally, the Court considers the efficacy of lesser sanctions. Here, the Court has granted plaintiff's motion to proceed in this matter without the payment of fees and costs. [Doc. #7]. Given plaintiff's in forma pauperis status, "[m]onetary sanctions cannot be relied on because the plaintiff is indigent." Bhatia v. Pitney Bowes, Inc., No. 3:04CV1484(RNC),

6

2006 WL 2661143, at *1 (D. Conn. Sept. 14, 2006). The Court can otherwise "think of no alternative that would be less drastic yet still effective[,]" as would the sanction of dismissal. Id.; see also Bonnette, 2018 WL 6173434, at *2 ("[N]o sanction short of dismissal would be effective. A monetary sanction would be inappropriate, given Bonnette's in forma pauperis status."); Neal v. Comm'r of Soc. Sec., No. 18CV01936(VEC)(SN), 2019 WL 3402464, at *2 (S.D.N.Y. June 5, 2019) ("[T]here are no lesser sanctions — such as a monetary fine — practicable here given that Plaintiff is proceeding in forma pauperis and pro se."), report and recommendation adopted, 2019 WL 2710127 (June 28, 2019).

"[A]ll litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they ... must suffer the consequences of their actions." Baba v. Japan Travel Bureau Int'l, Inc., 111 F.3d 2, 5 (2d Cir. 1997) (citation omitted). The Court finds that dismissal of this matter is appropriate given plaintiff's failure to prosecute and failure to comply with the Court's orders. See Reynel, 2002 WL 2022429, at *1; Bonette, 2018 WL 6173434, at *2. However, because plaintiff is self-represented, "the Court deems it proper in this case that dismissal be without prejudice." Reynel, 2002 WL 2022429, at *1; see also Rozell, 2019 WL 1320514, at *2 ("[D]ismissal without prejudice is appropriate in

7

order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." (citation and quotation marks omitted)).

## **CONCLUSION**

Thus, for the reasons stated, the Court **DISMISSES, without prejudice**, plaintiff's Complaint [**Doc. #1**] for failure to prosecute and failure to comply with the Court's orders.

SO ORDERED at New Haven, Connecticut, this 9th day of October, 2019.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE